HIGHLAND v. SCHULTE.

BOARDS OF HEALTH—SMALL-POX—DOUBLE HOUSE — QUARANTINE.
2 Comp. Laws 1897, § 4459, provides that the provisions of the general statute relating to the public health shall apply to all cities and villages, except where their charters contain provisions inconsistent therewith. Sections 4424, 4425, 4427, and 4460 provide for the investigation of cases of contagious disease by local boards of health, and for the isolation of infected persons. Act No. 403, Local Acts 1893, § 11, authorizes the board of health of the city of Detroit, in cases of epidemic disease, to take such measures, though not otherwise authorized, as they may in good faith deem the public health to demand. *Held*, that the latter section fell within the exception of the general law, and hence the board of health of the city of Detroit was authorized to provide, by general regulation, that, when small-pox should break out in one half of a double frame house, the whole of the house should be quarantined.

Error to Wayne; Lillibridge, J. Submitted February 6, 1900. Decided March 13, 1900.

Case by Peter H. Highland against Joseph H. Schulte and others, constituting the Detroit board of health, for false imprisonment. From a judgment for defendants on verdict directed by the court, plaintiff brings error. Affirmed.

*Bacon & Yerkes*, for appellant.

*C. D. Joslyn*, for appellees.

HOOKER, J. In June, 1894, the plaintiff resided in the east half of a double frame dwelling in Detroit. On June 24th a case of small-pox was found in the family then residing in the west half of said building, said disease being epidemic in the city at that time. The case was reported to the health officer, who, acting under a regulation of the

board, immediately directed that the entire building should be quarantined, and the plaintiff and his entire family were confined in their house for a month. There was no passage from one tenement to the other, and the back yards were separated by a high board fence, and there was nothing to show that the plaintiff or any one in his house had been exposed to the disease. The order was made under a general regulation adopted by the board of health, providing that, in all cases where small-pox broke out in one half of a double frame house, the entire house should be quarantined. Plaintiff claims that he lost his job, at which he was earning $50 a month, and that he was out of work for 10 months, causing a loss of $500. It was for this he brought this action against the defendants, who constituted the board of health. The court directed a verdict for the defendants, and the plaintiff has appealed.

It is said that the quarantine of the plaintiff was not made as the result of an investigation by the board in regard to the circumstances or conditions of this double house, but was made under a general regulation adopted by the board of health, providing that, in all cases where small-pox should break out in one half of a double frame house, both halves of the house should be quarantined. It is claimed that such rule was beyond their authority.

Section 11, Act No. 403, Local Acts 1893, provides:

"SEC. 11. In case of pestilence or epidemic disease, or of danger from anticipated or impending pestilence or epidemic disease, or in case the sanitary condition of the city should be of such a character as to warrant it, it shall be the duty of the board of health to take such measures and to make such appointments, and to do and order and cause to be done such acts, for the preservation of the public health, though not herein or elsewhere or otherwise authorized, as they may in good faith deem the public safety and health to demand."

Counsel for the plaintiff urge that this provision, which they concede is broad enough, if valid, to warrant the

action taken, should be construed with the general law. Section 4459, 2 Comp. Laws 1897, provides:

" * * * The provisions of this chapter, and the amendments thereto, shall, as far as applicable, apply to all cities and villages in this State, and all duties which are, by the provisions of this chapter, to be performed by the board of health of townships, or by the officers and inhabitants thereof, shall in like manner be performed by the board of health and the officers and inhabitants of such cities and villages, with a like penalty for the non-performance of such duties, excepting in cases where the charters of such cities and villages contain provisions inconsistent herewith."

The following sections are cited as pointing out the duties and conferring authority on boards of health in general, and it is claimed that they limit the broad power which would otherwise be conferred by section 11:

" SEC. 4424. When any person coming from abroad, or residing in any township within this State, shall be infected, or shall lately before have been infected, with the small-pox, or other sickness dangerous to the public health, the board of health of the township where such person may be shall make effectual provision, in the manner in which they shall judge best for the safety of the inhabitants, by removing such sick or infected person to a separate house, if it can be done without danger to his health, and by providing nurses and other assistance and necessaries," etc.

" SEC. 4425. If any such infected person cannot be removed without danger to his health, the board of health shall make provision for him, as directed in the preceding section, in the house in which he may be, and in such case they may cause the persons in the neighborhood to be removed, and may take such other measures as they may deem necessary for the safety of the inhabitants."

" SEC. 4427. Any two justices of the peace may, if need be, make out a warrant under their hands, directed to the sheriff or any constable of the county, requiring him, under the direction of the board of health, to remove any person infected with contagious sickness, or to take possession of convenient houses and lodgings, and to provide nurses, attendants, and other necessaries, for the accommodation, safety, and relief of the sick."

"SEC. 4460. That whenever the health officer of any township, city, or village in this State shall receive reliable notice, or shall otherwise have good reason to believe, that there is, within the township, city, or village of which he is the health officer, a case of small-pox, diphtheria, scarlet fever, or other communicable disease dangerous to the public health, it shall be the duty of said health officer, unless he is or shall have been instructed by the board of health of which he is an executive officer to do otherwise, immediately to investigate the subject, and, in behalf of the board of health of which he is an executive officer, to order the prompt and thorough isolation of those sick or infected with such disease, so long as there is danger of their communicating the disease to other persons; to order the prompt vaccination or isolation of persons who have been exposed to small-pox;" etc.

It needs no lengthy discussion to show that the public welfare requires more prompt and stringent measures to prevent the spread of an infectious disease in large cities than are required in rural districts or villages. Section 11 recognizes this, and was evidently designed to give larger powers to the board of health in Detroit than to other boards in the State. We think it was proper for them to make the rule complained of, and delegate to the health officer the examination of conditions and enforcement of the regulation, as, from the nature of things, the board could not act collectively on each case that might arise, with the necessary promptness and efficiency. Section 11 falls clearly within the exception of section 4459. We think that it does not appear that the provisions of the law applicable to the case were not complied with.

The judgment of the circuit court is affirmed.

The other Justices concurred.